UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 1:18-cv-2861 |
| | ) |
| DANIEL BUILDERS, INC., DOUG AND MARY JO SMOCK, | ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW Plaintiff, Westfield Insurance Company ("Westfield"), by counsel, Barrett McNagny LLP, and for its Complaint for Declaratory Relief, now states as follows:

**JURISDICTION AND PARTIES**

1. Westfield Insurance Company is incorporated under the laws of the state of Ohio with its principal place of business in the state of Ohio, transacts business in the State of Indiana, and is thus considered a citizen of the State of Ohio.

2. Daniel Builders, Inc. ("Daniel Builders") is an Indiana corporation with its principal place of business in Cloverdale, Indiana and is thus a citizen of Indiana.

3. Doug and Mary Jo Smock are citizens of the State of Indiana.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d), due to the diversity and citizenship of the parties and the fact that the amount in controversy exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00).

5. Venue is proper in the Indianapolis division of this Court, pursuant to 28 U.S.C. § 1391, due to the fact that the insurance contract at issue was issued in Cloverdale, Putnam County,

Indiana to cover an insured with a primary place of business in Cloverdale, Putnam County, Indiana (to the underlying lawsuit).

## FACTUAL BACKGROUND

6. On September 2, 2011 Daniel Builders and the home owner, Doug and Mary Jo Smock, entered into a Building Contract to build a residence call the Clayshire Castle (the "Castle") in the amount of One Million One Hundred Forty-Three Thousand Nine Hundred Ninety-Four Dollars ($1,143,994.00). A true and accurate copy of the Building Contract is attached hereto, incorporated herein, and marked Exhibit "A."

7. The Castle was constructed from June 2011 until its completion in approximately June 2012.

8. On June 30, 2012 Daniel Builders was paid the final progressive payment under the Building Contract and the Smocks were delivered possession of the Castle.

9. On July 31, 2015 the Smocks filed a complaint against Daniel Builders, Inc. and McGaughey & Pearson Construction, Inc. in the Clay County Superior Court, Cause No. 11D01-1508-PL-456 (the "Underlying Action"). A true and accurate copy of the Complaint is attached hereto, incorporated herein, and marked Exhibit "B."

10. The Smocks alleged in the Underlying Action that almost every exterior wall of the Castle was experiencing water and filtration, and as a result, mold and mushrooms were seen growing at numerous locations throughout the Castle.

11. The Smocks further alleged in the Underlying Action that the water infiltration into the Castle is through the stone veneer and through a single weather resistant barrier and that the infiltration is caused by the manner installing only one layer of weather installation barrier and in inadequate drainage system in the wall.

12. The Smocks allege in the Underlying Action that Daniel Builders was liable for breach of implied warranty of inhabitability, breach of contract, and negligence and that the Smocks are entitled to recover their attorney's fees pursuant to their contract with Daniel Builders.

13. Daniel Builders tendered the defense of the Smocks' claims to Westfield. At all pertinent times, Daniel Builders had an insurance contract with Westfield, Policy No. CWP 3636147 (the "Policy"). A true and accurate copy of the Policy is attached hereto, incorporated herein, and marked Exhibit "C."

14. The Policy included a Commercial General Liability Policy and contained the following pertinent provisions:

**SECTION I - COVERAGES**

COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      (1) The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

      (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

      (3) Prior to the policy period, no insured listed under Paragraph 1. of

2122388                                    3

        Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence: or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. or Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    (2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**2. Exclusions**

This insurance does not apply to:

a.    Expected Or Intended Injury
    "Bodily Injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b.    Contractual Liability
    "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to 1i abi1i ty for damages:

    (1)    That the insured would have in the absence of the contract or agreement; or

    (2)    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees

and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**j. Damage To Property**

"Property damage" to:

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

**1.    Damage To Your Work**

"Property damage" to "your work' arising out of it any part and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

2. Duties In The Event Of Occurrence, Offense, Claim or Suit

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

        (1)      Immediately record the specifics of the claim or "suit" and the date received; and

        (2)      Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c.     You and any other involved insured must:

        (1)      Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

        (2)      Authorize us to obtain records and other information;

        (3)      Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

        (4)      Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

   d.     No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

## SECTION V - DEFINITIONS

3.     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

16.    "Products-completed operations hazard":

   a.     Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        (1)      Products that are still in your physical possession; or

        (2)      Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

              (a)     When all of the work called for in your contract has been completed.

              (b)     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

              (c)     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

      Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

  b. Does not include "bodily injury" or "property damage" arising out of:

    (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

    (2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

    (3) Products or operation for which the classification, listed in the Declarations or in a policy schedule, states that products - completed operations are subject to the General Aggregate Limit.

17. **"**Property damage means:

  a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  b. Loss of use oftangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

22. "Your work":

  a. Means:

    (1) Work or operations performed by you or on your behalf; and
    (2) Materials, parts or equipment furnished in connection with such work or operations.

  b. Includes:

    (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work;" and

    (2) The providing of or failure to provide warnings or instructions.

In addition, your policy has form CG 0300A 01/96 attached which reflects a $500 property damage deductible for each claim presented.

Also attached to your policy is form CG 2167 12/04 which states in part:

**FUNGI OR BACTERIA EXCLUSION (CG 2167 12/04)**

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to Paragraph 2., Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability;

   2. **Exclusions**

      This insurance does not apply to:

      **Fungi or Bacteria**

      a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

      b. Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

      This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for consumption.

      c. The following definition is added to the Definitions Section:

      "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

This policy also has form CG2186 12/04 which states in part:

**EXCLUSION - EXTERIOR INSULATION AND FINISH SYSTEMS**

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. This insurance does not apply to "bodily injury", "property damage" or personal and advertising injury" arising out of, caused by, or attributable to, whether in whole or in part, the following:

   **1.** The design, manufacture, construction, fabrication, preparation, distribution and sale, installation, application, maintenance or repair, including remodeling, service, correction or replacement, of any "exterior insulation and finish system" or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulking or sealants in connection with such a

2122388                                        8

       system; or

  **2.**   "Your product" or "your work" with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system", or any substantially similar system, is used on the part of that structure containing that component, fixture or feature.

B.   The following definition is added to the Definitions Section:

"Exterior insulation and finish system: means a non-load bearing exterior cladding or finish system, and all component parts therein, used on any part of any structure, and consisting of:

   1.   A rigid or semi-rigid insulation board made of expanded polystyrene and other materials;

   2.   The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate;

   3.   A reinforced or unreinforced base coat;

   4.   A finish coat providing surface texture to which color may be added; and

   5.   Any flashing, caulking or sealant used with the system for any purpose.

### BUILDER'S RISK COVERAGE

**5.**   **Limited Fungus Coverage**

      a.  **Coverage** - "We" pay for:

           (1)   costs and expenses arising out of the presence of "fungus" on covered property caused by or resulting from a covered peril; and

           (2)   direct physical loss or damage to covered property caused by or relating to the existence of or any activity of "fungus".

      b.  **Coverage Limitation** - "We" only provide the coverage described in item 5.a. above:

           (1)   when the "fungus" is the result of:

               (a)  a "specified peril" other than fire or lightning; or

               (b)  "flood" (if Flood Coverage is provided under this policy); that occurs during the policy period; and

           (2)   if all reasonable steps were taken to protect the property from additional damage at and after the time of the occurrence.

      c.  **Limited Fungus Coverage Limit** – The most "we" pay for all loss or damage covered by this Coverage Extension at all "buildings or structures"

is $15,000, unless another "limit" is indicated on the "schedule of coverages". The Limited Fungus Coverage Limit applies regardless of the number of claims made.

The Limited Fungus Coverage Limit applies regardless of the number of locations or "buildings or structures" insured under this policy.

The Limited Fungus Coverage Limit is the most that "we" pay for the total of all loss or damage arising out of all occurrences of "specified perils", other than fire or lightning, or "flood" (if applicable) during each separate 12-month period beginning with the inception date of this policy.

d. **If The Policy Period Is Extended** - If the policy period is extended for an additional period of less than 12 months, this additional period will be considered part of the preceding period for the purpose of determining the Limited Fungus Coverage Limit.

e. **Recurrence And Continuation Of Fungus** - The Limited Fungus Coverage Limit is the most that "we" pay with respect to a specific occurrence of a loss which results in "fungus" even if such "fungus" recurs or continues to exist during this or any future policy period.

f. **Limited Fungus Coverage Limit Applies To Other Costs Or Expenses** - The Limited Fungus Coverage Limit also applies to any cost or expense to:

   (1) clean up, contain, treat, detoxify, or neutralize "fungus" on covered property or remove "fungus" from covered property;

   (2) remove and replace those parts of covered property necessary to gain access to "fungus"; and

   (3) test for the existence or level of "fungus" following the repair, replacement, restoration, or removal of damaged property if it is reasonable to believe that "fungus" is present.

g. **Loss Not Caused By Fungus** - If there is a covered loss or damage to covered property not caused by "fungus", loss payment will not be limited by the "terms" of this coverage extension. However, to the extent that "fungus" causes an increase in the loss, that increase is subject to the "terms" of this Coverage Extension.

### BUILDER'S RISK COVERAGE – PERILS EXCLUDED

**2.** "We" do not pay for loss or damage that is caused by or results from one or more of the following:

   c. **Defects, Errors, and Omissions.** "We" do not pay for loss or damage caused by or resulting from an act, defect, error or omission (negligent or not) relating to:

2122388                                    10

      (1)      design, specifications, construction, materials, or workmanship;
      (2)      planning, zoning, development, siting, surveying, grading, or compaction; or
      (3)      maintenance, installation, renovation, remodeling, or repair;

But if an act, error, or omission as described above results in a covered peril, "we" do cover the loss or damage caused by that covered peril.

15. Daniel Builders work on the Castle was completed prior to the time any property damage to the Castle or its contents occurred.

16. All property damage to the Castle and its contents occurred away from premises owned or rented by Daniel Builders.

17. Because the work was completed and the property damage occurred away from premises owned or rented by Daniel Builders, any property damages arising out of Daniel Builders' "work" was part of the "products-completed operations hazard" and excluded from coverage.

18. The Smocks have alleged that there is damage to the Castle caused by mold or fungus.

19. Any loss attributable or arising from mold is subject to the fungus exclusion and/or subject to the terms of the limited fungus coverage if the presence of fungus is caused by or resulting from a covered peril.

20. The Smocks have made a claim for a breach of contract claim and those claims are excluded by the exclusion for contractual liability in the Policy.

21. The Policy contains an "errors and omissions" exclusion that precludes coverage for an omission in design, specification, or contraction.

22. The Smocks allege that their damages were caused in party by the subcontractors' failure to use two layers of weather resistant barrier as required by the Manufacturer's Instructions and the Building Code.

23. The Policy does not provide coverage for an omission, such as the failure to use two layers of weather resistant barrier, in the design, specification, or contraction of the Castle.

## **PRAYER FOR RELIEF**

WHEREFORE Westfield prays for the following relief:

1. A declaration that Westfield owes no duty to indemnify Daniel Builders for losses not covered and/or excluded by the Policy; and

2. Any other declaration or proper and just relief to which Westfield is entitled.

Respectfully submitted,

BARRETT McNAGNY LLP

Date: September 17, 2018   By: /s/ Michael H. Michmerhuizen
Michael H. Michmerhuizen, #22086-02
215 E. Berry Street
Fort Wayne, IN 46801
Phone: (260) 423-9551
Fax: (260) 423-8920
E-mail: mhm@barrettlaw.com

*Attorneys for Plaintiff,
Westfield Insurance Company*

2122388                               12